PAPE, ADMR., ET AL., APPELLANTS, *v.* MONONGAHELA POWER CO., APPELLEE. (Two cases.)

[Cite as Pape v. Monongahela Power Co., 18 Ohio App. 2d 91.]

(Nos. 317 and 318—Decided January 10, 1969.)

*Messrs. Fogle & Gammon*, for appellants.
*Messrs. Summers, Haupt & Theisen*, for appellee.

GRAY, J. These causes are in this court on appeal on questions of law from judgments of the Court of Common Pleas of Washington County wherein the trial court granted a motion for a directed verdict at the close of plaintiff's evidence in each of the two above cases. The two cases were consolidated for trial and will be considered together in this opinion.

Plaintiffs feeling aggrieved by this result filed notice of appeal and assigned the following errors:

"1. The trial court erred in determining that the Pape brothers were trespassers or, at best, licensees, as a matter of law, as to the defendant-appellee.

"2. The trial court erred in determining that the Pape brothers were trespassers or licensees, as a matter of law as to Mr. and Mrs. Johnson, the land owners.

"3. The trial court erred in determining that immunities available to Mr. and Mrs. Johnson, the land owners, inure to the benefit of defendant-appellee.

"4. The trial court erred in deciding and ruling that the conduct of the defendant-appellee was not as a matter of law, wanton misconduct."

The facts developed in the record show that on April 11, 1965, Steven R. Pape, then aged 17 years, John Todd Pape, then aged 13 years, sons of Raymond L. Pape, and Charles Davis, then aged 13 years, were playing in a sycamore tree that had two large limbs growing out from the main trunk in a "V" shape. It was wet weather, it having rained that morning. The tree was located on a tract of land owned by a Mr. Johnson, which land abutted that

owned by Raymond Pape. Over the land and through a sycamore tree, two high tension wires were strung. They passed about 28 feet above the ground. The wires passing through this tree were not insulated. The tree was located about 250 feet from the nearest public way. The record shows that the boys had played in this tree and in other trees on the Johnson property at various times in the past. On occasions the Johnsons had warned the Pape boys about climbing the trees located on their premises.

The record also shows that one of the parents of the Pape boys had warned them about coming in contact with the electric wires.

On April 11, 1965, in the late afternoon the three boys decided to climb the sycamore tree. There were two wires, one carrying electricity at 2,400 volts, and one was a neutral conductor. Steven, while reaching for a sycamore ball, accidently came in contact with the charged wire. John Todd Pape was climbing the other large limb when he saw his brother's predicament. John came to his brother's aid, received a lethal electric charge and fell to the ground. Steven survived, although badly burned. The surviving boys testified that they were killing time and "goofing off." They were removing sycamore balls from the tree and throwing them at each other.

Case No. 318 is a suit for expenses for the treatment of injuries sustained by Steven Pape.

Case No. 317 is a suit for damages for the benefit of the next of kin of John Todd Pape.

In his brief plaintiff states:

"To announce the rule for which plaintiff-appellant contends is not, we point out, tantamount to a conclusion that the defendant-appellee was necessarily negligent in this case and does not preclude the possibility that a trier of facts might find the injured boys to have been contributorily negligent, neither of which issues were reached in this case. * * *"

Plaintiff further states this proposition in his brief:

"The trial court ruled that upon the evidence and construing the same most favorably to plaintiff-appellant

reasonable minds could not find wanton misconduct on the part of defendant-appellee. * * *

"We submit that it would be within the special province of the jury to decide upon these facts whether defendant-appellee conducted this aspect of its business with wanton disregard of the rights of others and that the evidence does not support the trial court's conclusion that reasonable minds could not differ on this question.

"Additionally, the court took some issue with the fact that words 'wanton misconduct' were not utilized in the petition, but the fact is that the allegations of ultimate facts which would support wanton misconduct were clearly set forth in the petition."

The position of plaintiff could be stated that failure to insulate the wires passing through the trees or failure to relocate the wires or cut down the tree amounted to wanton misconduct. No doubt plaintiff, in adopting this position, was anticipating the defenses of contributory negligence and assumption of risk.

There is no evidence that defendant had knowledge that boys played in this particular tree or any other tree. There is no evidence that the wires were hidden. No claim is made that defendant by its easement did not have a legal right to string the wires where they were located. The record contains evidence that the wires were erected according to all safety rules. The record shows that the Pape boys were of average to good intelligence.

The briefs of the parties do not contain any Ohio cases on this precise point. Other Ohio cases have been cited to the court, which each party claims are controlling directly or by analogy. We have been unable in our research to find an Ohio case in point.

We are of the opinion that defendant is not chargeable with negligence or wanton misconduct because some one doing an act which defendant had no reason to expect suffers an injury which might not have been sustained if the wires had been higher or had been safeguarded in a different manner.

It has not been shown that defendant omitted some

precaution which it should have taken or that persons would reasonably be expected to climb up the trunk of a tree 28 feet to come in contact with a bare wire in a tree which was located 250 feet from the nearest public way.

It might be added that electric utility companies should not be compelled to insulate and adopt safeguards for their wires everywhere, but only at places where people may legitimately go for work, business or pleasure.

We have considered the positions of plaintiffs from every aspect, and we are unable to discern how either can prevail under this set of facts.

If plaintiffs could state facts in their petitions sufficient to constitute causes of action they would always be met with the defenses of contributory negligence and assumption of risk which would defeat their right to recover damages..

We are of the opinion that the trial court was correct in the action it took in both cases.

The judgments are affirmed in both cases.

*Judgments affirmed.*

CARLISLE, P. J., and ABELE, J., concur.